**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK LYNN GLASS,<br><br>          Petitioner-Appellant,<br><br>  v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA,<br><br>          Respondent-Appellee. | No.   15-56235<br><br>D.C. No.<br>5:12-cv-01937-FMO-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted March 10, 2017
Pasadena, California

Before: PAEZ, BERZON, and CHRISTEN, Circuit Judges.

Petitioner Patrick Glass appeals the district court's dismissal of his habeas

petition challenging his California convictions for sexual offenses against his

stepdaughter. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We

affirm.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review de novo a district court's denial of a habeas corpus petition.  *See Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, we may not grant habeas relief to a state prisoner unless the state court's adjudication of the prisoner's case (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

On February 27, 2006, Patrick Glass's fourteen-year-old stepdaughter alleged that Glass had raped her and her younger sister.  Glass voluntarily submitted to a police interview with Detective Mark Cordova, which lasted almost two hours.  Glass initially denied any sexual contact with his stepdaughters, but eventually admitted it was "possible" he had touched one of his stepdaughter's breasts while preparing her for the shower.  He agreed to take a polygraph test, after which Cordova left the room to arrange the test.

2

Upon returning, Cordova informed Glass that he was in custody. Cordova continued to question Glass without administering *Miranda*[1] warnings. Cordova later testified he did not realize that he failed to give the warnings until he reviewed the tape of the interview the next day. On March 1, Cordova "reinterviewed" Glass by asking him to confirm his prior admissions. This time, Cordova read Glass his *Miranda* rights at the outset. The interview lasted thirteen minutes.

At a pretrial hearing, the state trial court found that Detective Cordova's failure to administer *Miranda* warnings during the first interview was inadvertent. On appeal, the California Court of Appeal "accept[ed] the trial court's finding that Cordova's failure to give the *Miranda* warning when he decided to take defendant into custody was not deliberate." Glass argues that the Court of Appeal's decision was either "contrary to" *Missouri v. Seibert*, 542 U.S. 600 (2004) or "an unreasonable determination of the facts." We disagree. Although the detective's two-step interrogation is troubling, we are bound by AEDPA's standard of review.

**1.** First, we may only hold that a state court decision is "contrary to" clearly established federal law if the state court (1) "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "confronts a set of facts

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)) (internal quotation mark omitted). Here, the state court did neither. *See Reyes v. Lewis*, 833 F.3d 1001, 1028 (9th Cir. 2016) (holding that Justice Kennedy's *Seibert* concurrence, which requires that the police "deliberately" employ a two-step interrogation procedure, "constitutes 'clearly established' law for the purpose of AEDPA review").

**2.** Second, we may only hold that a state court decision was based on "an unreasonable determination of the facts" if it is "not merely wrong, but actually unreasonable." *Id.* at 1025 (quoting *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)) (internal quotation mark omitted). To grant relief, "we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Id.* (quoting *Taylor*, 366 F.3d at 1000) (internal quotation marks omitted). Although arguable, the state court's finding that Detective Cordova did not deliberately employ a two-step interrogation technique was not "actually unreasonable."

Accordingly, Glass's challenge to his convictions fails.

**AFFIRMED**.

4